UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

KAREN BASHISTA, et al.,

    Plaintiff,

                                                     Civil Action No. 14-10001

                                                     Hon. Gershwin A. Drain

v.

ST. JOSEPH HOSPITAL SYSTEM, et al.,

    Defendant.

_____/

**ORDER DENYING DEFENDANT MICHIGAN DEPARTMENT OF COMMUNITY HEALTH'S MOTION TO SET ASIDE DEFAULT [#17], GRANTING IN PART AND DENYING IN PART THE HOSPITAL DEFENDANT'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, SET ASIDE DEFAULT [#19], CANCELLING MARCH 12, 2014 SCHEDULING CONFERENCE, AND DIRECTING PLAINTIFFS TO SERVE DEFENDANTS**

## I.    Introduction

On January 1, 2014, Plaintiffs Karen and Ronald Bashista filed a Class Action Complaint and Motion for Class Certification with this Court.[1] Plaintiffs' claims stem from Karen Bashista's termination from her nurse position with Defendant St. Joseph Hospital System ("St. Joseph") based on her refusal to take seasonal flu shots due to "personal, religious, and health" reasons. Compl., ¶ 6. According to Plaintiff, St. Joseph informed her it would not terminate her unless there was a "breach of duty in performing her job[.]" *Id.* at ¶ 11. Plaintiff claims this was

---

[1] Plaintiffs must file a separate Motion for Class Certification and may not rely on the allegations in the Complaint if they wish to have this matter certified.

1

a false representation, and Mercy Hospital terminated her because she refused to take the flu shot. *Id*. at ¶¶ 11-12.

The Complaint contains ten counts and a request for class certification and raises allegations of employment discrimination and negligence. The additional defendants are Sisters of Mercy Hospital Group ("Mercy") and Trinity Health Systems ("Trinity"), The United States Centers for Disease Control ("CDC"), State of Michigan Department of Community Health ("DCH").

Presently before the Court is DCH's Motion to Set Aside Default, filed on February 12, 2014. Also, before the Court is Defendants Mercy's, Trinity's and St. Joseph's Motion to Strike Notice of Default, or in the Alternative, to Set Aside Default. These matters are fully briefed and the Court finds a hearing on the motions will be of assistance to the Court. The Court finds a hearing on these Motions unnecessary. For the reasons that follow, the Court will DENY the DCH's Motion to Set Aside [#17], and GRANT IN PART and DENY IN PART the hospital Defendants' Motion to Strike Affidavit, and in the Alternative, to Set Aside Default [#19].

## II. Procedural Background

Plaintiffs allege they served Defendants on January 9, 2014. On February 1 and 3, 2014, Defendants St. Joseph, Mercy and Trinity contacted Plaintiffs to ask for more time to file their Answer. On February 2, 2014, Plaintiffs filed a Notice of Default and Request for Damages Hearing against, St. Joseph, Mercy, Trinity and DCH. *See* Dkt # 10. According to Plaintiffs' Affidavit, Answers from St. Joseph, Trinity and Mercy were due by January 30, 2013, and DCH's answer was due January 31, 2014.

## III. Law and Analysis
### A. Standard of Review

Rule 4 of the Federal Rules of Civil Procedure instructs plaintiffs on how to serve governmental departments. Fed. R. Civ. P. 4(j)(2). When serving a state governmental

organization, the plaintiff must serve the summons and a copy of the complaint to the chief executive officer of the department, or serve each in a manner prescribed by the laws of the state regarding service of its departments. *Id*. Michigan Court Rule 2.105(G) governs service of process on public corporations. The rule states that plaintiffs must serve the summons and complaint on those persons listed in the court rule. Mich. Ct. R. 2.105. The relevant portion of the rule states that a plaintiff must serve the "president, the chair person, the secretary, manager, or clerk of an organization organized under Michigan law." *Id*. at (8). Plaintiffs can also serve an officer having substantially the same duties as those listed in subsection eight or someone in charge of the office of the officer. *Id*. Plaintiffs can also serve by mailing a copy of the summons and complaint by registered mail to the officer at his or her office. *Id*.

Rule 4 also instructs plaintiffs on how to serve a corporation. Fed. R. Civ. P. 4(h)(1). Plaintiffs can serve in a manner prescribed in rule 4(e)(1) or by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent. Fed. R. Civ. P.4(h)(1). Service in compliance with Rule 4(e)(1) is proper if plaintiffs comply with state law for service. In the state of Michigan, Michigan Court Rule 2.105(D) governs proper service on a private corporation. The rule requires Plaintiff's to effect service by serving a copy of the summons and complaint on an officer or resident agent of a corporation. Mich. Ct. R. 2.105(D)(1). Plaintiffs can also serve the summons and a copy of the complaint on a director, trustee or person in charge of a business office. *Id*. at(2). This method also requires plaintiffs to mail the summons and a copy of the compliant via registered mail to the principle office of the corporation. *Id*. at (3).

When a plaintiff's service of process is improper, the court must set aside an entry of default. *OJ Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003).

Without proper service of process, the court lacks the jurisdiction to enter a Default Judgment against a defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. *Sandoval v. Bluegrass Regional Health-Mental Retardation Bd.*, 229 F.3d 1153, (6th Cir. 2000).

Rule 55(c) of the Federal Rules of Civil Procedure gives the court the authority to set aside an entry of default "for good cause[.]" The court must consider three factors to determine if good cause exists: "(1) whether culpable conduct of the defendant led to default; (2) whether the defendant has a meritorious defense and; (3) whether the plaintiff will be prejudiced." *United States v. $220,050 U.S. Currency*, 595 F.3d 318, 325 (6th Cir. 2010). Culpable conduct is conduct that shows "an intent to thwart judicial proceedings or reckless disregard for the effect of [defendant's] conduct on judicial proceedings." *Id*. at 327. Meritorious defenses must "hint at a suggestion" that would be a complete defense if proven at trial. *Id*. at 326. When setting aside a default, the party who sought the default must show that delay will cause a loss of evidence, make discovery more difficult, or increase the likelihood of fraud or collusion. *Dassault Sys., SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011).

### B. Defendants' Motions

#### 1. DCH's Motion to Set Aside Default

As an initial matter, no default has been properly entered in this matter. Federal Rule of Civil Procedure 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, while Plaintiffs filed a "Notice of Default with Affidavit," they did not seek a Clerk's Entry of Default as required by Rule 55(a). As such, there is no default that must be set aside in this matter.

In the present motion, the DCH argues Plaintiffs' service was improper. Plaintiffs served what they call "State of Michigan Building" in Detroit, Michigan. Plaintiff left a copy of the summons and Complaint at the building, and left it "c/o the Office of the Attorney General." This form of service does not comply with the Federal Rules of Civil Procedure or state law. The Attorney General of the state of Michigan is not the chief executive officer of the DCH. DCH's chief executive officer is its director. Because Plaintiffs did not properly serve the Director of DCH, service did not comply with rule 4(j)(2)(A). Service of DCH also did not comply with state law. According to Michigan rules, "the president, chairperson, secretary or managing clerk" or "officer having substantially the same duties" as those titles would be the department's Director. The Court therefore concludes that the Plaintiffs did not properly serve DCH. The Court need not resolve whether DCH has demonstrated good cause for setting aside the default under Rule 55(c) since no proper default has been entered in this matter. Accordingly, the Court DENIES the DCH's Motion to Set Aside Default as there is no properly entered default to set aside in this matter.

### 2. Trinity's, Mercy's and St. Joseph's Motion to Strike Notice of Default or, in the Alternative, to Set Aside Default

Trinity, Mercy, and St. Joseph also argue service was improper. Plaintiffs attempted to serve the hospital Defendants by leaving the Summons and a copy of the Complaint with a secretary who was not authorized to accept service. As such, the Plaintiffs failed to effect proper service under state law because they did not serve an authorized agent or send the Summons and copy of the Complaint to any of the Defendants' official business addresses via registered mail. This made service of these Defendants improper under Rule 4(h)(1).

Similarly, the Court need not determine whether the hospital Defendants have demonstrated good cause for setting aside the default under Rule 55(c) since no default has been

5

entered in this matter. However, because the Court finds that Plaintiffs have failed to properly serve any of the Defendants, the Court will GRANT the hospital Defendants' request to strike Plaintiffs' Notice of Default and Affidavit.

## IV.     Conclusion

For the foregoing reasons the Court will DENY DCH's Motion to Set Aside Default [#17]. It is further recommended that the Court GRANT IN PART and DENY IN PART Mercy's, Trinity's and St. Joseph's Motion to Strike Notice of Default, or in the Alternative, to Set Aside Default [#19]. It is further ordered that the Court will STRIKE Plaintiff's "Notice of Default and Affidavit" [#10] and ORDER Plaintiffs to properly serve the Defendants.

The Court further Orders Plaintiffs to properly serve Defendants within fourteen (14) days of the entry of this Order. Defendants' shall file responsive pleading in accordance with the Federal Rules of Civil Procedure. The Court will schedule a status conference with the parties upon filing of Defendants' responsive pleadings.

So ordered.


Dated:  March 10, 2014                             s/Gershwin A. Drain
        Detroit, Michigan                          GERSHWIN A. DRAIN
                                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on **March 10, 2014**

                                                   s/Tanya R. Bankston
                                                   TANYA R.BANKSTON
                                                   Case Manager & Deputy Clerk