UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION


KAREN BASHISTA, et al.,

      Plaintiff,

                                         Civil Action No. 14-10001

                                         Hon. Gershwin A. Drain

v.


ST. JOSEPH HOSPITAL SYSTEM, et al.,

      Defendant.

_____/


**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [# 25, 34, & 38], DISMISSING PLAINTIFF'S COMPLAINT, AND CANCELING THE AUGUST 13, 2014 HEARING ON THE DEFENDANTS' MOTIONS**


### I.    Introduction

On January 1, 2014, Karen Bashista and her husband Ronald Bashista filed a multiple count Complaint against the St. Joseph Mercy Hospital System ("St. Joseph"), the United States Center for Disease Control ("CDC"), and the State of Michigan Department of Community Health ("DCH"). The Complaint contains ten counts and a Motion for Class Certification. Plaintiff Karen Bashista alleges nine counts: breach of implied employment contract; discharge against public policy; negligence; religious and gender based employment discrimination under state law; violation of state and federal whistleblower protection laws; violation of the Americans with Disabilities Act ("ADA") and Michigan Persons with Disability Civil Rights Act (MPWDCRA); age discrimination under federal and state law; fraud and miscellaneous charges; and lack of informed consent. Ronald Bashista brings a count of loss of consortium. Parties

have fully briefed the Motions.  Oral argument will not assist the Court in resolving the issues in the case.  Therefore, oral argument on the Motions is cancelled pursuant to Local Rule 7.1(f).  For the reasons that follow, the Court will GRANT the Defendants' Motions and DISMISS Plaintiffs' Complaint.

## II.      Factual Background

Karen Bashista began working for St. Joseph in 2002.  In January of 2011, St. Joseph terminated its employment relationship with Karen Bashista after she refused to take a flu shot.  Karen Bashista argues she refused the shot for religious reasons and believes that the shot is experimental.  Plaintiffs filed their Complaint on January 1, 2014.  On March 11, 2014, Plaintiffs and the United States stipulated to dismissal of count V and VII against the United States.

## III.     Law and Analysis

### A.  Standard of Review

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rule 12(b)(6) of the Federal Rules of Civil Procedure allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atl. Corp. v. Twombly*, the district court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.*  To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).

When deciding a motion under Rule 12(b)(6), the court can take into account matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.  *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).  The court can properly treat documents the defendant attaches to its motion as pleadings if those documents are central to the plaintiff's complaint and its claims.  *Werner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997).

### B.  Defendants' Motions

All Defendants argue Plaintiffs have failed to plead their claims properly.  DCH and the CDC argue they have never had an employment relationship with Karen Bashista and any employment law based claims against them fail to state a claim.  DCH and the United States also argue the Plaintiffs' claims fail as to them because they each assert sovereign immunity.

### I.    The United States' Motion

The United States is immune from suit unless it consents to be sued, and the terms of that consent dictate the court's jurisdiction over the United States.  *United States v. Testan*, 424 U.S. 392, 399 (1976).  When the United States waives sovereign immunity, the waiver must be

3

"unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 358 (1980).  The Federal

Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) & §§ 2671-2680, is a limited waiver of

sovereign immunity that allows plaintiffs to bring claims against the United States, its agencies,

and employees.  *See* § 1346(b); §§ 2671-2680; *Smith v. United States*, 507 U.S. 197, 203-04

(1993).  Courts must construe the requirements of the FTCA strictly because it is a waiver of

sovereign immunity.  *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002).  Congress

listed the requirements for waiving sovereign immunity in the FTCA, and exhaustion of

administrative remedies is one of the requirements Congress placed in the act.  *So. Rehab.*

*Group, P.L.L.C. v. Sec'y of Health and Human Servs.*, 732 F.3d 670, 676-77 (6th Cir. 2013).

Congress has explicitly stated:

> An action shall not be instituted upon a claim against the United States for money
> damages for injury or loss of property … caused by the negligent or wrongful act or
> omission of an employee of the [United States] while acting within the scope of his office
> or employment, unless the claimant shall have first presented the claim to the appropriate
> Federal agency and his claim shall have been finally denied by the agency in writing[.]

28 U.S. C. § 2675(a).  The text of the FTCA makes it clear that plaintiffs must bring their claim

to the appropriate federal agency, and the agency must make a final determination in writing

denying the claim before the plaintiffs can bring their claim in district court.  *McNeil v. United*

*States*, 508 U.S. 106, 107 (1993).  Section 2675(a) shows Congress' intention for exhaustion of

administrative remedies "before invocation of the judicial process."  *Id*. at 112.

Moreover, the FTCA "forever bar[s]" claims if the claimant does not bring them to the

appropriate agency within two years after the claim accrues.  § 2401(b).  The claim accrues when

the plaintiff knows, or in the exercise of reasonable diligence should have known he was injured

and knew the cause of the injury.  *United States v. Kubrick*, 444 U.S. 111, 121-24 (1979); *see*

4

*also Hertz v. United States*, 560 F.3d 618-19 (6th Cir. 2009) (stating the general rule that tort claims accrue at the time of injury).

Karen Bashista's employment ended in January of 2011.  Plaintiffs had until January of 2013 to bring their negligence and lack of informed consent claims against the CDC.  Plaintiffs did not file these claims until January of 2014.  These claims are time barred.  Count VIII contains a claim for punitive damages for the alleged tortious conduct.  FTCA prohibits this claim as well.  Therefore, the Court will DISMISS Counts III, VII and IX as they relate to the United States.

In addition to being untimely, Plaintiff contract claims in Count I & II are expressly limited by Congress in the FTCA.  The text of the act does not include contract claims and claims arising out of deceit against the United States.  28 U.S.C. § 2680(h).  The United States has not waived sovereign immunity with respect to these claims.  In addition to contract claims being barred by the FTCA, 28 U.S.C. § 1491 vests exclusive jurisdiction over non-tort claims against the United States for $10,000 or more in the Court of Federal Claims.  Thus, this Court lacks jurisdiction to hear Plaintiffs' non-tort claims as well.  Therefore, the Court will DISMISS counts I & II as they relate to the United States because it lacks subject matter jurisdiction over these claims.

Karen Bashista advances employment discrimination claims against the United States in counts VI and VII.  She has never had an employment relationship with the United States.  Therefore these claims lack merit.  The Court will DISMISS Counts VI and VII as they relate to the United States.

Count XI advances various constitutional violations.  Plaintiffs claim Defendants violated Karen Bashista's First Amendment free speech and free exercise rights and her Fifth

Amendment due process rights. These claims lack the factual support Rule 8 requires. For reasons discussed above, the doctrine of sovereign immunity bars these claims against the United States. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-85 (1994) (holding the federal government has not waived immunity for constitutional claims against its agencies). The Court will Dismiss Count XI as it relates to the United States.

The Plaintiffs have insufficiently pled their claims against the United States. Plaintiffs have failed to comply with the requirements of the FTCA in order to properly advance their tort claims. This Court lacks jurisdiction over Plaintiffs' contractual claims. The doctrine of sovereign immunity also bars Plaintiffs' constitutional claims. For these reasons, the Court will GRANT the United States' Motion and DISMISS Plaintiffs' Complaint as it relates to the United States.

### II.     The State of Michigan DCH's Motion

The DCH argues the Eleventh Amendment prohibits suits against the several states in federal court. The Eleventh Amendment bars the district courts from exercising jurisdiction over claims from citizens of the several states. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-101 (1984); *see also Alden v. Maine*, 527 U.S. 706, 712-13 (1999) (holding non-consenting states are immune from suits from its own citizens or the citizen of another state). This prohibition extends to state agencies and departments unless an act of Congress specifically authorizes the suit or the state consents to suits. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

In their response brief, the Plaintiffs cite 42 U.S.C. § 1983 as the basis for this court's jurisdiction. A valid section 1983 claim alleges a defendant acted under color of state law, and the defendant's conduct deprived plaintiff of rights protected by federal law. *Mezibov v. Allen*, 411 F.3d 712, 716-17 (6th Cir. 2005); *see also Bloch v. Ribar*, 156, F.3d 673, 677 (6th Cir.

6

1998). Plaintiffs allege no conduct by personnel of DCH that establishes a valid 1983 claim. Instead, they argue the Court should grant them leave to amend their compliant. Plaintiff has no employment relationship with DCH or the CDC. Such an amendment is futile, and the Court will not allow Plaintiff's to amend. Karen Bashista had no employment relationship with DCH and Eleventh Amendment immunity bars the Plaintiffs' non employment claims. The Court will GRANT DCH's Motion and DISMISS Plaintiff's complaint as to DCH.

### III.   St. Joseph's Motion

St. Joseph's argues the Plaintiffs' Complaint fails to state a claim because Plaintiffs have failed to allege a breach of contract claim, to adequately plead discrimination, to assert tort actions under the Michigan Workers Disability Compensation Act ("WDCA"), to plead government action for their constitutional claims, and Plaintiffs' Complaint fails completely to respond to its Motion.

Counts II and III of the Complaint allege contract claims. Count II alleges a breach of an implied contract. In the Complaint's general allegations, Plaintiffs state St. Joseph had employment policies. Compl. ¶ 13. Under Michigan law, employment policies do create an employment contract. *Toussaint v. Blue Cross & Blue Shield of Michigan*, 408 Mich. 579, 614, 292 N.W.2d 880 (1980). This contract is not implied, rather the employer's contractual obligations arise from the agreement to adhere to the policies. *Id*.; *see also Richmond v. Wyeth Lab. Div. of Am Prod. Corp.*, 641 F.Supp. 483, 486 (W.D. Mich. 1986).

St. Joseph is the only defendant with whom Karen Bashista had a contractual relationship. There is no implied contract in this case. The St. Joseph policies established contractual rights for Karen Bashista. Plaintiffs do not articulate any of St. Joseph's policies in the complaint. Plaintiffs do assert the general concept that termination should be for good cause,

but do not articulate whether St. Joseph lacked good cause for her termination. Plaintiffs'
response brief does not respond to St. Joseph's argument that Plaintiffs have inadequately pled a
breach of contract claim. Thus, St. Joseph is entitled to have Counts II and III Dismissed for
failure to state a claim and failure to prosecute. *Mekani v. Homecomings Fin., LLC*, 752
F.Supp.2d 785, 797 (E.D. Mich. 2010) (holding plaintiff's failure to respond is a failure to
prosecute); *see also* Fed. R. Civ. P. 41(b).

Plaintiff alleges negligence in Count IV. Plaintiffs alleges St. Joseph had a duty of care
"re forcing flu shots on employees[.]" Compl. ¶ 17. This duty is unclear. The remainder of the
claim contains only a recitation of the elements of a negligence claim. There are no facts to
support a claim for relief. Even if the Complaint contained facts, Karen Bashista's negligence
claim against St. Joseph must be brought under the WDCA, which is the exclusive remedy for
workplace injuries under Michigan law. *Brown v. Cassens Transp. Co*., 546 F.3d 347, 360
(2008); *see also* MICH. COMP. LAWS § 418.131(1). Injured employees and anyone who claims to
have an injury stemming from the injury to an employee must bring their claims under this act.
MICH. COMP. LAWS § 418.131(2). Plaintiffs failed to bring their claims under the WDCA.
Therefore, the Court will DISMISS Count IV as to St. Joseph.

Plaintiffs allege St. Joseph violated the Michigan's Elliott-Larsen Civil Rights Act
("ELCRA") in Count V. To state a valid ELCRA claim the plaintiff must allege: 1)
discrimination based on a protected characteristic; 2) by a person; 3) that results in the denial of
full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodation;
4) of a place of public accommodation. *Brintley v. St. Mary Mercy Hosp.*, 904 F.Supp.2d 699,
726 (E.D. Mich. 2009) (citing *Haynes v. Neshewat*, 477 Mich. 29, 35, 729 N.W.2d 488 (2007)).

Plaintiffs have not pled any of these elements in their Complaint, and they did not respond to this in their Response brief.  Therefore, the Court will Dismiss Count V as to St. Joseph.

Count VI of the Complaint alleges St. Joseph terminated Karen Bashista because she "threatened to expose a 'Nuremberg –mandate' to the media," and has violated state and federal whistleblowers laws.  There is no federal whistleblowers protection act, but Michigan has enacted its own Whistleblowers Protection Act.  To establish a plausible claim for relief, plaintiff must plead: 1) engagement in an activity that is protected under the act; 2) plaintiff was subsequently discharged from employment; and 3) a causal connection between engagement in the protected activity and discharge.  *Wolcott v. Champion International Corp.*, 691 F.Supp. 1052 1058 (W.D. Mich. 1987) (citing *Clark v. Uniroyal Corp.*, 119 Mich. App. 820,327 N.W.2d 372 (1982)).  The act defines protected activity as "report[ing] or [] about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body[.]" MICH. COMP. LAWS § 15.362.  A public body is a state agency, officer or subunit.  *Id*. at § 15.361.  The Complaint fails to allege Karen Bashista engaged in any protected activity.  The act provides a ninety-day statute of limitations, and St. Joseph correctly argues Plaintiffs did not allege a violation until almost three years after termination.  Thus, Plaintiffs have failed to state a claim in Count VI, and the Court will DISMISS the count as to St. Joseph.

Count VII alleges St. Joseph failed to accommodate Karen Bashista as required by the Michigan Handicappers Civil Rights Act and the American with Disabilities Act ("ADA").  The Court knows of no such act under Michigan law, but is aware of the Michigan Persons with Disabilities Civil Rights Act ("MPWDCRA").  Both state and federal law require Plaintiffs to have a disability in order to advance these claims.  Under Michigan law, a disability is a

"determinable characteristic" resulting from an injury that "substantially limits" a "major life activity." MICH. COMP. LAWS § 37.1103(d)(i)(A).   Under the ADA, "disability" means "a physical or mental impairment that substantially limits one or more major life activities" of an individual. 42 U.S.C. § 12102(1)(A).  Plaintiffs did not plead Karen Bashista has a disability and made no argument she did in their response brief.  Therefore, the Court will DISMISS Count VII as it relates to St. Joseph.

Count VIII of the Complaint alleges age discrimination under the ELCRA and the Age Discrimination in Employment Act ("ADEA").  For reasons stated in dismissal of Count V the age discrimination under ELCRA will be dismissed.  Plaintiffs' have not sufficiently pled an ADEA claim either.  Plaintiff has not pled she is 1) over forty years of age; 2) qualified for her position; 3) she was discharged; and 4) there is some direct, circumstantial, or statistical evidence the employer singled her out for discharge for unlawful reasons. *Ercegovich v. Goodyear Tire & Rubber Co*., 154 F.3d 344, 350 (6th Cir. 1998).  Establishment of these facts would have made out the prima facie case. *Id*.  Plaintiffs did not have to meet this burden, but the complaint itself lacks factual merit to show Karen Bashista has stated a claim under the ADEA.  Therefore, the court will DISMISS Count VIII as to St. Joseph.

Count IX alleges fraud and exemplary damages.  Plaintiffs argue that fraud on behalf of St. Joseph was teaching that flu shots are safe.  Compl. ¶22.  This conduct interfered with Karen Bashista's First and Ninth Amendment Rights.   This Count alleges St. Joseph tortuously interfered with her employment and alleges intentional infliction of emotional distress ("IIED").  Fraud has heightened pleading standards. *See* Fed. R. Civ. P. 9. Plaintiffs must state with particularity the "the circumstances constituting fraud." *Id*.  An allegation that teaching flu shots

are safe does not meet the standards of Rule 9.  Plaintiffs have not adequately pled their fraud claim.

There is no government action by St. Joseph.  In the absence of government action, there is no constitutional violation.  *Blackard v. Memphis Area Med. Ctr. for Women*, 262 F.262 F.3d 568, 579 (6th Cir. 2001).

IIED claims against employers are within the scope of the WDCA.  *Eide v. Kelsey-Hayes Co.*, 154 Mich. App. 142, 163, 397 N.W.2d 532 (1986).  The statute's exclusive remedy provision covers this cause of action when the plaintiff fails to allege their employer intended the damages plaintiff suffered.  *Id.*  Plaintiffs did not allege St. Joseph intended the damages suffered.  All aspects of Count IX fail to state a claim.  The Court will DISMISS this count.

Count X alleges lack of informed consent.  Given Karen Bashista and St. Joseph's employment relationship, the WDCA's exclusive remedy provision covers this claim.  *Schefsky v. Evening News Ass'n*, 169 Mich. App. 223, 229-30, 425 N.W.2d 768 (Mich. Ct. App. 1988).  The Court will DISMISS this claim because Plaintiffs failed to bring it under the WDCA's exclusive remedy provision.

Plaintiffs' Complaint also contains a Motion for Class Certification under Rule 23 of the Federal Rules of Civil Procedure.  It is hard to discern the class Plaintiffs claim to represent.  They appear to be representing any employee in the United States whose employer encourages them to take a flu shot.  Plaintiffs' request $100,000,000,000 on behalf of this class.  The description of the class must be "sufficiently definite [so] that it is administratively feasible for the court to determine whether a particular individual is a member."  *Burkhead v. Louisville Gas & Elec. Co*., 250 F.R.D. 287, 291 (W.D. Ky. 2008) (quoting 7A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure*, § 1760, at 120–21 (2d ed. 1986)).

Given Plaintiffs' description of the class, it is impossible to determine who would be a member. This motion is improperly filed and the Court DENIES the Motion for Class Certification.

**IV.**    Conclusion

For the reasons mentioned above, the Court GRANTS Defendants Motions [# 25,34 and 38] and DISMISSES Plaintiffs' Complaint in its entirety.

SO ORDERED.

/s/Gershwin A Drain
GERSHWIN A.DRAIN
US DISTRICT COURT JUDGE